UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ANTHONY HIGH, | Case No. 2:25-cv-00923-GMN-EJY |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JEREMY BEAN, et al., | |
| Respondents. | |

Petitioner Robert Anthony High commenced this federal habeas action by filing a Petition for Writ of Habeas Corpus and Motion for Appointment of Counsel. (ECF Nos. 1-1 ("Petition"), 1-2 ("Motion").) On May 29, 2025, this Court instructed High to either pay the $5 filing fee or file an Application for Leave to Proceed *In Forma Pauperis* on or before June 30, 2025. (ECF No. 3.) High timely complied, paying his filing fee on June 30, 2025.[1] (ECF No. 4.) Following an initial review of the Petition under the Rules Governing Section 2254 Cases, this Court instructs High to show cause why his Petition should not be dismissed as second or successive.

**I. BACKGROUND**[2]

High challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("State Court"). *State of Nevada v. Robert A. High*, 07C233378. On January 27, 2009, following a jury trial, the State Court entered a Judgment of Conviction, adjudging High guilty of First-Degree Kidnapping, Kidnapping with Use of a Deadly Weapon, six counts of Lewdness with a Child Under 14 Years, two counts of Sexual Assault, and Administration of Drug

---

[1]Because High timely paid his filing fee, his Motion to Extend Time to pay his fee is moot. (ECF No. 8.)

[2]This Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These dockets are found at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

to Aid Commission of Felony. High was sentenced to, *inter alia*, life with the possibility of parole. High appealed, and the Nevada Supreme Court affirmed on February 3, 2010. *Robert Anthony High v. State of Nevada*, No. 53289.

On June 10, 2010, High filed his first state habeas petition. The State Court denied relief, High appealed, and the Nevada Supreme Court affirmed on April 6, 2011. *Robert Anthony High v. State of Nevada*, No. 56892. Remittitur issued on July 6, 2011.

On April 4, 2011, High filed his second state habeas petition. The State Court denied relief, High appealed, and the Nevada Supreme Court affirmed on April 11, 2012. *Robert Anthony High v. State of Nevada*, No. 59164. Remittitur issued on May 8, 2012.

On June 2, 2011, High commenced a federal habeas action in case number 2:11-cv-00891-APG-VCF. The Court conducted a merits review of the case and denied High federal habeas relief on June 19, 2017. High appealed, and the Court of Appeals for the Ninth Circuit denied High's request for a Certificate of Appealability on September 25, 2017.

On December 5, 2023, High filed his third state habeas petition. *Robert High v. Jeremy Bean*, A-23-882819-W. The State Court denied relief, and High's appeal is currently pending. *See Robert High v. State of Nevada*, No. 90664.

## II.   DISCUSSION

Habeas Rule 4 requires this Court to examine the Petition and order a response unless it "plainly appears" that the Petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows Courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). However, importantly, before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an Order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first, rather than filing directly in the district court." *Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

Because (1) High's Petition appears to challenge the same Judgment of Conviction that was challenged in case number 2:11-cv-00891-APG-VCF, and (2) the petition filed in case number 2:11-cv-00891-APG-VCF was decided on the merits, High's Petition appears to be second or successive. It is unclear whether High has sought or received permission from the Court of

3

Appeals for the Ninth Circuit to file his instant Petition. As such, High must show cause why this action should not be dismissed as second or successive.

Notably, this Court has discretionary authority to transfer High's Petition to the Court of Appeals for the Ninth Circuit for consideration as an Application for Leave to File a Second-or-Successive Petition. *See* 28 U.S.C. § 1631 (stating that whenever a court identifies a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . ."); 9th Cir. R. 22-3 ("If an unauthorized second or successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals."). If High desires that this Court exercise this discretionary authority, he may state so in his response to this Order.[3]

### III.   CONCLUSION

It is therefore Ordered that High show cause on or before August 29, 2025, why his Petition should not be dismissed based on the Petition being second or successive. If High does not timely respond to this Order or request an extension of time to do so, the Petition will be dismissed without further advance notice.

It is further Ordered that the Motion for Extension of Time to pay his filing fee (ECF No. 8) is denied as moot.

Dated: July 2, 2025

                                        _____
                                        Gloria M. Navarro, Judge
                                        United States District Court

---

[3] This Court defers ruling on the Motion for Appointment of Counsel until after High responds to this Order.

4